IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KEVIN FERM, Individually and as Next Friend of A. GIKANDIRO, M. MUTESI, S. UWIRINGIYIMANA, and S. MYAMIKAZI | § § § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CIVIL ACTION NO. 3:15-cv-03592 |
| JOSE LEON-RAMIREZ and GLOBAL TRANSPORT CORPORATION, | § § § § § | |
| Defendants. | § § | |

## **PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW, Kevin Ferm, Individually and as Next Friend of A. Gikandiro, M. Mutesi, S. Uwiringiyimana, and S. Myamikazi ("Plaintiffs"), and file this Original Complaint, complaining of Defendants Jose Leon-Ramirez and Global Transport Corporation, and allege as follows:

# I.

# PARTIES

1. Plaintiff Kevin Ferm is a citizen and resident of Rockwall County, Texas.

2. Plaintiff A. Gikandiro is a minor, and a citizen and resident of Rockwall County, Texas.

3. Plaintiff M. Mutesi is a minor, and a citizen and resident of Rockwall County, Texas.

4. Plaintiff S. Uwiringiyimana is a minor, and a citizen and resident of Rockwall County, Texas.

5. Plaintiff S. Myamikazi is a minor, and a citizen and resident of Rockwall County, Texas.

6. Defendant Jose Leon-Ramirez is a citizen and resident of Clark County, Nevada, and service of process may be had upon said Defendant by serving a copy of the petition and citation on him at his residence, **3600 Charleston Boulevard, No. 6, Las Vegas, Nevada 89121, or wherever said Defendant may be found.**

7. Defendant Global Transport is a foreign corporation doing business in Texas, with no principal office or registered agent in the State of Texas. It has a principal office and citizenship in Las Vegas, Nevada. Service of process may be

had upon said Defendant by serving a copy of the petition and citation on its **registered agent, Wilma Cueto-Cardenas, 3700 Garden South Drive, Las Vegas, Nevada 89121,** or wherever said Defendant may be found.  Said Defendant is engaged in commercial, transportation business in the State of Texas, and Plaintiffs' causes of action arise from Defendant's business in this State.

## II.

## VENUE AND JURISDICTION

1.   Venue is proper in this District because a substantial part of the actions or omissions giving rise to Plaintiffs' causes of action occurred within this District.

2.   This lawsuit is based on diversity jurisdiction.  The controversy in question is between parties with diverse citizenship, and the amount in controversy exceeds $75,000.

## III.

## FACTS

1.   On or about October 2, 2015, at approximately 5:45 p.m., in Johnson County, Texas, Plaintiff Kevin Ferm was operating his vehicle west on U.S. Highway 67.  In his vehicle at the time were Plaintiff Kevin Ferm's four foster children, A. Gikandiro, M. Mutesi, S. Uwiringiyimana, and S. Myamikazi. Plaintiff Kevin Ferm had brought his vehicle to a stop, in obedience of a red light

on a traffic signal, and other vehicles directly behind him had done the same.

2.	At the same time, Jose Leon-Ramirez, an employee of Global Transport Corporation, was driving his 18-wheeler westbound on U.S. Highway 67, and was not keeping a proper lookout or being attentive to his surroundings, and as a result, slammed his 18-wheeler hard into the rear of another vehicle, pushing that vehicle into Plaintiff's vehicle, and then allowing his 18-wheeler to smash hard into the side of Plaintiffs' vehicle.

3.	The failure of Defendants to use ordinary care in the operation and entrustment of the 18-wheeler was a proximate cause of the wreck in question and Plaintiffs' resulting injuries and damages.

## IV.

## CAUSES OF ACTION AGAINST DEFENDANTS

1.	Plaintiffs base their causes of action against said Defendants in part upon negligence or negligence *per se* as these terms are defined under the common law and statutes of Texas. The doctrine of *respondeat superior* is invoked where applicable.

2.	Plaintiffs would show the Court that violations of the local ordinances and statutory violations by Defendants and the negligent acts and omissions of the Defendants, as set out herein, separately and collectively, were a direct and proximate cause of the incident in question and the resulting injuries and damages

sustained by Plaintiffs. The violations of local and state traffic laws constitute negligence *per se.* Said violations, negligent acts and omissions, by Defendants are, among others, as follows:

### Defendant Jose Leon-Ramirez

a. Defendant Leon-Ramirez failed to make such application of the brakes as a person using ordinary care would have made.

b. Defendant Leon-Ramirez failed to keep a proper lookout.

c. Defendant Leon-Ramirez failed to timely apply the brakes of his vehicle immediately prior to the collision in question.

d. Defendant Leon-Ramirez failed to down-shift or otherwise reduce the speed of his vehicle immediately prior to the collision in question.

e. Defendant Leon-Ramirez drove his vehicle at the time and on the occasion in question with willful and wanton disregard for the safety of others, in violation of the laws of the State of Texas, including Texas Transportation Code, Section 545.401.

### Defendant Global Transport Corporation

f. Defendant Global Transport Corporation entrusted its vehicle to Defendant Jose Leon-Ramirez when it knew or should have known that Leon-Ramirez was an unlicensed, incompetent, or reckless driver.

2. Plaintiffs would show that Defendants' conduct, as set forth herein and otherwise, constituted negligence by act or omission, each and all of which was a proximate cause of the occurrence or injury in question and Plaintiffs' damages resulting from the occurrence or injury in question.

3. All conditions precedent to the filing of this lawsuit and in bringing said causes of action have been performed or have occurred.

## V.

## DAMAGES FOR PLAINTIFF KEVIN FERM

1. As a result of the incident described herein, Plaintiff Kevin Ferm has incurred medical expenses in the past as a result of his injuries, and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff Kevin Ferm has experienced physical pain and suffering in the past as a result of his injuries and in all reasonable probability will experience physical pain and suffering in the future as a result of his physical injuries.

3. Plaintiff Kevin Ferm has sustained physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

4. Plaintiff Kevin Ferm has sustained mental anguish in the past as a result of this incident and in reasonable probability will sustain mental anguish in the future.

5. Plaintiff Kevin Ferm has suffered lost wages and/or loss of earnings or earning capacity in the past as a result of this incident and in reasonable probability will sustain lost wages and/or loss of earnings or earning capacity in the future.

5. Plaintiff Kevin Ferm has suffered disfigurement in the past as a result of this incident and in reasonable probability will sustain disfigurement in the future.

## VI.

## DAMAGES FOR PLAINTIFF A. GIKANDIRO

1. As a result of the incident described herein, Plaintiff A. Gikandiro has incurred medical expenses in the past as a result of her injuries and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff A. Gikandiro has experienced physical pain and suffering in the past as a result of her injuries and in all reasonable probability will experience physical pain and suffering in the future as a result of his physical injuries.

3. Plaintiff A. Gikandiro has sustained physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

4. Plaintiff A. Gikandiro has sustained mental anguish in the past as a result of this incident and in reasonable probability will sustain mental anguish in the future.

5. Plaintiff A. Gikandiro has suffered disfigurement in the past as a result of this incident and in reasonable probability will sustain disfigurement in the future.

## VII.

## **DAMAGES FOR PLAINTIFF M. MUTESI**

1. As a result of the incident described herein, Plaintiff M. Mutesi has incurred medical expenses in the past as a result of her injuries and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff M. Mutesi has experienced physical pain and suffering in the past as a result of her injuries and in all reasonable probability will experience physical pain and suffering in the future as a result of his physical injuries.

3. Plaintiff M. Mutesi has sustained physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

4. Plaintiff M. Mutesi has sustained mental anguish in the past as a result of this incident and in reasonable probability will sustain mental anguish in the future.

5. Plaintiff M. Mutesi has suffered disfigurement in the past as a result of this incident and in reasonable probability will sustain disfigurement in the future.

## VIII

## DAMAGES FOR PLAINTIFF S. UWIRINGIYIMANA

1. As a result of the incident described herein, Plaintiff S. Uwiringiyimana has incurred medical expenses in the past as a result of her injuries and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff S. Uwiringiyimana has experienced physical pain and suffering in the past as a result of her injuries and in all reasonable probability will experience physical pain and suffering in the future as a result of her physical injuries.

3. Plaintiff S. Uwiringiyimana has sustained physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

4. Plaintiff S. Uwiringiyimana has sustained mental anguish in the past as a result of this incident and in reasonable probability will sustain mental anguish in the future.

5. Plaintiff S. Uwiringiyimana has suffered disfigurement in the past as a result of this incident and in reasonable probability will sustain disfigurement in the future.

## IX.

## **DAMAGES FOR PLAINTIFF S. MYAMIKAZI**

1. As a result of the incident described herein, Plaintiff S. Myamikazi has incurred medical expenses in the past as a result of her injuries and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff S. Myamikazi has experienced physical pain and suffering in the past as a result of her injuries and in all reasonable probability will experience physical pain and suffering in the future as a result of her physical injuries.

3. Plaintiff S. Myamikazi has sustained physical impairment or physical incapacity in the past as a result of this incident and in reasonable probability will sustain physical impairment or physical incapacity in the future.

4. Plaintiff S. Myamikazi has sustained mental anguish in the past as a result of this incident and in reasonable probability will sustain mental anguish in the future.

5. Plaintiff S. Myamikazi has suffered disfigurement in the past as a result of this incident and in reasonable probability will sustain disfigurement in the future.

## X.

## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiffs herein claims interest in accordance with Texas Finance Code §304.001 *et seq.* and any other applicable law.

## XI.

## JURY DEMAND

Plaintiffs demand a jury trial and are tendering the appropriate fee with the Original Complaint.

## XII.

## NOTICE OF PRESERVATION

The Defendants are hereby given notice that any document or other material, including electronically stored information, relating to this incident, as well as the 18-wheeler involved in the incident, which may be evidence or relevant to any issue in this case, is to be preserved in its present form until this litigation is concluded.

## XIII.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer herein and upon final hearing of this cause, Plaintiff

have judgment against Defendants for damages described herein, for costs of suit, prejudgment and post-judgment interest permitted by law, and for such other relief to which Plaintiff may be justly entitled.

        Respectfully submitted,

        TURLEY LAW FIRM

        /s/ Steven S. Schulte
        Steven S. Schulte
        State Bar No. 24051306
        6440 North Central Expressway
        1000 Turley Law Center
        Dallas, Texas 75206
        Telephone No. 214/691-4025
        Telecopier No. 214/361-5802
        Email: stevens@wturley.com

        ATTORNEY FOR PLAINTIFFS